IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAWN C. JOBE                                                                                         PETITIONER

VS.                        Civil No. 2:23-cv-02106-PKH-MEF

U. S. WESTERN DISTRICT COURT
OF ARKANSAS                                                                                        RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner, Shawn C. Jobe ("Jobe"), on August 17, 2023. (ECF No. 1). The United States has not been directed to file a response, and none is necessary. For the reasons discussed below, it is recommended that the Petition (ECF No. 1) be dismissed without prejudice.

### I.   Background

Upon review, numerous deficiencies were noted in the Petition, including: (1) the Petition incorrectly names this Court as the Respondent, not the United States of America (if he is challenging a federal conviction) nor the Warden of the Arkansas Division of Corrections facility in whose custody he is being held (if he is challenging a state court conviction); (2) the Petition is not on the standard form for a petition under 28 U.S.C. § 2254 (if he is challenging a state court conviction) (AO 241) or the standard form for a petition under 28 U.S.C. § 2255 (if he is challenging a federal conviction) (AO 243); (3) the Petitioner appears to be challenging a federal conviction for Conspiracy to Commit Sex Trafficking,[1] but he has used an unauthorized form for

---

[1] In Case No. 2:16-cr-20038-PKH-1, the Petitioner pleaded guilty to an Information charging him with one count of Conspiracy to Commit Sex Trafficking, and on September 26, 2017, he was sentenced to 41 months imprisonment to be followed by five years of supervised release.

1

a petition under 28 U.S.C. § 2254 (for use by persons in state custody to challenge a state court conviction); and (4), he sets forth no grounds for relief or any supporting facts.

Due to these deficiencies, the Court entered an Order (ECF No. 4) on August 28, 2023, directing Jobe to complete and file a standard form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (AO 241) if he is challenging a state court conviction and sentence, or alternatively, to complete and file a standard form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (AO 243) if he is challenging a federal conviction and sentence. Jobe was ordered to complete and file the appropriate standard form petition on or before September 27, 2023. To date, Jobe has filed neither and has failed to comply with the Court's Order.

## II.  Discussion

In pertinent part, Rule 2(b), Rules Governing § 2255 Proceedings, requires that a motion must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." The motion must also "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 2(c).

Though a pro se § 2255 motion is to be liberally construed, the motion must assert facts regarding counsel's performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Vague and conclusory allegations, unsupported by specific facts, are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255), *cert. denied*, 479 U.S. 965 (1986); *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel); and *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982)

(conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that a litigant failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the [litigant's] failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, in addition to the other deficiencies noted above, Jobe's Petition states no grounds for federal habeas corpus relief, nor does he allege any facts to support such relief. He was notified of the serious deficiencies in his Petition and was given an opportunity to cure those deficiencies. He has failed to do so. Jobe has failed to comply with a Court Order.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Jobe's Petition (ECF No. 1) should be dismissed without prejudice. His Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) should be denied as moot.

### III.   Conclusion

For these reasons, it is recommended that Jobe's Petition for Writ of Habeas Corpus (ECF No. 1) be **DISMISSED without PREJUDICE**.

It is further recommended that Jobe's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) be **DENIED** as moot.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 19th day of October 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE